**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEANNA CHAPMAN, | ) | CASE NO. CV 12-01250 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff, legally blind in her right eye and with a cataract in her left eye, makes two challenges to the Commissioner's decision denying her application for disability benefits.

First, Plaintiff asserts that the Administrative Law Judge wrongly determined that she could perform her past relevant work as a worker at a delicatessen, because that work requires depth perception, which Plaintiff lacks, and the implicit view that the work does not require depth perception is contrary to the description in the Dictionary of Occupational Titles. Whatever the value of this argument, however, it is irrelevant because the Administrative Law Judge made alternative findings that there was other work that Plaintiff could perform. He found that she also could work as a cleaner or laundry worker [AR 27], and Plaintiff does not challenge these alternative findings.

Second, Plaintiff asserts that the Administrative Law Judge gave "insufficient reasons" to reject her testimony. Plaintiff argues that the Administrative Law Judge failed to apply the standard of *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*). That case and its progeny hold that the Commissioner may not reject testimony about subjective symptoms without giving specific and legitimate reasons for doing so.

But Plaintiff does not point to any *subjective* symptom testimony that the Administrative Law Judge rejected improperly. In fact, Plaintiff does not point to any particular testimony at all, simply referencing the entirety of the two hearing transcripts, Plaintiff's Memorandum in Support of Complaint at 17:20-21, and mixes the argument (and law) about subjective symptoms with an argument about whether Plaintiff can work a full-time job. The Administrative Law Judge focused on objective symptoms — what was Plaintiff's eyesight — and found that Plaintiff was blind in the right eye, but had correctable vision in the left. [AR22, 24-25] He even adjourned the first hearing so that Plaintiff could have a consultative eye examination which would produce current information as to Plaintiff's eyesight. [AR 80] He then fashioned a residual functional capacity that took into account the results of the eye examination, including various limitations to account for the right eye blindness and left eye cataract. This was not a situation where a claimant testified about symptoms that were not measurable.

Substantial evidence supported the Administrative Law Judge in the findings he made as to Plaintiff's residual functional capacity and Plaintiff's ability to perform jobs in the national economy. Accordingly, the Commissioner's decision is affirmed.

DATED: January 14, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE